# Wheeling.

## LEWIS BALLARD vs. OSCAR CALLISON.

### January Term, 1870.

C. files a bill of injunction, alleging that he has bought the interest of H. in the firm and partnership effects of B. & H., and that B. has collected debts and accounts due the firm, and that the effects of the firm are being wasted and squandered, and if carried on much longer under the management of B., irreparable mischief and damage will be done to C. and H. C. asks that if a dissolution has not operated by reason of the sale of H., a dissolution of the partnership be decreed, and the appointment of a receiver and settlement of the partnership accounts. HELD:

I. That the legal effect of the sale of H. to C. is, *ipso facto*, a dissolution of the partnership existing between B. and H.

II. That the effect of the sale, and consequent destruction of the partnership, was not to invest B. with the control of the partnership effects as surviving partner; and that an order of the circuit court restraining B. from the control of the effects, and the appointment of a receiver to take charge of the partnership effects, was not erroneous; and that there was sufficient equity on the face of the bill to justify a refusal to dissolve the injunction.

Oscar Callison filed a bill of injunction in the clerk's office of the circuit court of Monroe county, at the August rules, 1869. The bill alleged that, on the 28th day of July, 1869, he purchased from one Alexander R. Humphreys, all his right, title and interest, amounting to two-thirds, in the partnership of a firm known as Ballard & Humphreys, the individual members of which were one Lewis Ballard and Humphreys; that the interest purchased consisted of the printing establishment and paper known as the "Monroe Republican," together with all its subscription lists, types and appurtenances, including also accounts and debts due

the firm; that he was to apply the proceeds of the interest to the payment of claims for which Humphreys might be liable on account of the partnership; that the chief part of such liability of Humphreys consisted of a bond of 900 dollars, executed by him to Ballard, which would be almost paid if the receipts of the partnership from its business had been properly applied to the discharge thereof. That all the business of the partnership had been carried on under the control and supervision of Ballard, who had received large sums of money due the partnership which had not been properly applied to the uses thereof; that owing to personal and political differences the orator and Ballard could not carry on the business together, and that if the establishment was carried on longer under the management of Ballard, great and irreparable mischief would be done to Humphreys and the orator; that there were many legal orders and advertisements in process of publication, and a sudden cessation of the newspaper would seriously obstruct the ends of public justice; that the press, types and fixtures were perishable in their nature.

The bill also alleged that the orator was advised that the transfer and assignment (a copy of which was filed as an exhibit) of Humphreys to him, operated as a dissolution of the partnership. It asked that Ballard and Humphreys be made defendants, and that Ballard be restrained and enjoined from publishing the "Monroe Republican," and from any further prosecution of the business of the firm of "Ballard & Humphreys," and from collecting any debts due the firm; and if the assignment did not operate a dissolution of the partnership, that the same be dissolved by decree of court. It also asked that a receiver be appointed to continue the publication of the "Monroe Republican," and to take charge of the whole effects of the partnership, and sell them and report to the court, and that the case be referred to a commissioner to report amounts received by Ballard belonging to the partnership, &c.

The defendants were enjoined from publishing the news-

paper, and a receiver was appointed to take charge of the whole effects of the partnership, and after paying the expenses of conducting the paper, which was ordered to be kept up as an advertising sheet, should report to court the balance received from subscriptions, accounts, &c., of the firm of Ballard & Humphreys.

At the September term following, Ballard moved to dissolve the injunction and rescind the order appointing a receiver, for want of equity on the face of the bill, and because the facts stated in the bill disclosed no grounds for the appointment of a receiver; but the court overruled the motion.

The cause was referred to a commissioner to make report on the partnership generally of Ballard & Humphreys.

Ballard filed his answer after the motion to dissolve was made and overruled.

From this order the defendant Ballard appealed to this court.

Hon. N. Harrison, judge of the circuit court of Monroe county, presided on the hearing of the cause.

*Stanton* and *Newlon* for the appellant.

1st. The bill presents no ground either for the granting of an injunction or the making of the order appointing a receiver.

2d. That even if a proper case for the granting of an injunction, that there was no ground for the order appointing a receiver.

3d. That the case was not one warranting the appointment of a receiver without notice, and that no notice was given.

4th. That the bill presents no such strong special ground as to make it proper to appoint a receiver before answer; the order in the case being made before the filing of the answer.

5th. That where the application for receiver is made be-

fore answer, it must be supported by affidavits verifying the facts which are relied upon by the party making it, and that no such affidavits were filed or offered.

6th. That the assignment by Humphreys, of his interest in the firm of Ballard & Humphreys, worked a dissolution of the partnership as to him.

7th. That Ballard, as surviving partner of Ballard & Harrison, as surviving partner, was entitled to settle the affairs of the concern without full proof of mismanagement, or such facts showing improper conduct as destroyed confidence; and that there was no such proof.

8th. That the material allegations in the bill are upon information and belief; and that such allegations are insufficient.

9th. That there is no allegation of the insolvency or want of responsibility of either of the defendants, and that such allegation was absolutely indispensable to justify the making of the order appointing a receiver.

10th. That for the reasons above assigned, and others appearing upon the face of the bill, the court below erred in granting the injunction.

11th. That for the same reason, the court erred in making the order appointing a receiver.

12th. That the court erred in overruling the motion to dissolve the injunction.

13th. That the court erred in overruling the motion to rescind the order appointing a receiver.

14th. That the answer of the defendant Ballard, setting up new matter, and being in the nature of a cross bill, and charging that the judge of the circuit court in which the said suit was instituted was interested in the same, and should be made a party thereto, that the court erred in overruling the motion for a change of venue.

15th. That the court, for the reason before assigned, and for others appearing in the bills of exception, erred in appointing Madison McDaniel commissioner.

.16th. That the bill has no equity on its face.

*Hereford* and *Tibbets* for the appellee.

BERKSHIRE, J.   The only decree or order that could be appealed from in this case, is the order granting the injunction, and the order overruling the motion to dissolve the same.

The motion to dissolve was made and overruled before the answer of the appellant Ballard was filed, consequently the allegations of the bill were to be taken as true, when the motion was made and overruled. *Peatrass* vs. *McLaughlin*, 6 Grat., 64; *McClelland* vs. *Kincaid*, Idem, 352. The question we are to consider, therefore, is, whether the bill on its face showed sufficient matter to justify the awarding of the injunction.

There can be no question, I think, that the legal effect of the sale by Humphreys to Callison was, *ipso facto*, to dissolve the partnership previously existing between Humphreys and the appellant Ballard, in the press, fixtures, &c. in controversy. This, as I understand, was conceded in the argument. But it was earnestly maintained on behalf of Ballard, that upon the destruction of the partnership thus wrought by the sale to Callison, the whole of the business and partnership effects devolved on him as surviving partner, the same as in the case of a dissolution of a partnership by the death of one or more of the partners; and that consequently he had the right, as such surviving partner, to the control and custody of the partnership effects, and to proceed to settle and close the business of the late firm, without interference or hindrance on the part of Callison; and further, that the circuit court had no power or jurisdiction in the premises, to restrain him from doing so.

I do not think, however, that the authorities sustain him in this position; and I am of opinion, that taking the allegations of the bill as true, a proper case is shown for the jurisdiction and interference of a court of equity, and such a one as justified the restraining order complained of. *Walbert* vs. *Harris et al.*, 3 N. J. Chy. R., (Halsted), 605; *Martin*

vs. *Van Schaick et al.*, 4 Paige's Chy. Rep., 479; Parsons on Part., 313, 314, 315, and note 16.

The other orders and decrees complained of, being strictly interlocutory, and not such as an appeal would lie from, it is unnecessary to notice them.

I am of opinion, therefore, that the decree should be affirmed, with costs and damages.

The other judges concurred.

DECREE AFFIRMED.